IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30841

Summary Calendar
_____


RAX GARBAGE DISPOSAL SERVICE, INC.,

                          Plaintiff-Appellant,

        v.

McNEILUS TRUCK & MANUFACTURING CO., ET AL.,

                          Defendants,

FORD MOTOR CORP.; A B C INSURANCE CO.;
McNEILUS FINANCIAL INC., d/b/a McNeilus
Truck & Manufacturing Co.,

                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(95-CV-584)
_____
February 24, 1997

Before KING, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Rax Garbage Disposal Service, Inc., appeals the district

court's order dismissing its case for violating a pretrial order

pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

Finding no error, we affirm.

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

## I. Background

Rax Garbage Disposal, Inc. ("Rax") filed a suit for redhibition for the sale of a defective vehicle against McNeilus Truck Manufacturing Co. and several related entities (collectively "McNeilus") and Ford Motor Corp. ("Ford") in Louisiana Civil District Court on March 17, 1995. On April 3, 1995, McNeilus filed a removal notice to remove the case to the Federal District Court for the Western District of Louisiana. Judge F. A. Little, Jr., was assigned to the case.

On April 7, 1995, all parties were notified of Judge Little's standing order for preparation of a pretrial work plan. This standing order requires the plaintiff to initiate a conference after suit has been on file for 100 days for the purposes of preparing a joint pretrial plan of work, from which a scheduling order is developed. While the order requires all parties to cooperate in good faith in developing the plan, the plaintiff has responsibility for initiating the conference and submitting the plan to the court.[1]

---

[1]Specifically, Judge Little's standing order provides, in pertinent part, as follows:

(1) After the complaint has been on file for 100 days, the plaintiff shall initiate a conference among the parties. At this conference, the attorneys shall prepare a "plan of work" designed to avoid unnecessary delay in the disposition of this matter. Items to be considered shall include: schedule for completion of discovery, a final date for filing dispositive motions, adding additional parties, and filing amended pleadings. Other matters that deserve special attention at this conference include: the timing of employment of experts, taking of depositions, and the exchange of reports.

On November 29, 1995, Rax had yet to submit a plan of work to the court. The court issued an order reminding Rax of the requirements of the standing order and notifying it that dismissal might ensue if the work plan was not promptly submitted. Rax had not submitted the required work plan on March 6, 1996, and the court accordingly dismissed the case without prejudice.

Rax promptly filed a motion to have the case reinstated. In its motion for reinstatement dated March 8, 1996, Rax acknowledged its failure to file the work plan, partially relying on its efforts to submit the case to mediation as a reason for the delay. Further, Rax assured the court that the work plan would be submitted without further delay. The district court granted Rax's motion and reinstated the case on May 9, 1996.

---

(2) The plan of work shall include terms agreed upon by the parties, as well as any proposed terms for which agreement has not been reached. The plaintiff shall be responsible for submitting the plan, along with any written reasons--presented at the conference--for approval or disapproval of proposed terms to Judge F.A. Little, Jr., within 10 days of the parties' conference. The judge will make such changes, additions, or modifications to the plan as he deems appropriate, and the court will then enter the plan as its scheduling order pursuant to Fed. R. Civ. P. 16(b).

(3) The court expects good faith and reasonableness from the parties in developing and submitting the plan of work. The court anticipates little disagreement regarding proposed plan terms and therefore expects the parties to settle the vast majority of disputes without court intervention. In the event a party, or a party's attorney, fails to participate in good faith, the court will not hesitate to impose an appropriate sanction. . . .

Rax sent letters to McNeilus and Ford on June 14, 1996, requesting a statement of each defendant's case, witness lists, and trial exhibit lists.  McNeilus responded on July 8, apparently requesting that Rax submit a proposed work plan to which McNeilus would respond.  Rax answered on July 12, stating that it would be difficult to prepare a discovery schedule without knowledge of the number and nature of the defendants' proposed witnesses.  With the same letter, Rax propounded interrogatories requesting, inter alia, the names of potential fact and expert witnesses and copies of potential physical evidence.

Still lacking the required work plan, the district court dismissed the case without prejudice on its own initiative on July 19, 1996.  The court's stated reason was Rax's failure to abide by the court's standing order on developing the plan of work.  The court denied Rax's motion to set aside the dismissal.

Rax timely filed a notice of appeal.  On appeal, Rax raises a single point of error: that the district erred in dismissing Rax's action on the court's own initiative when at the time Rax was prosecuting the action and complying with all Federal Rules of Civil Procedure and all orders or deadlines imposed by the court.

## II. Discussion

### A. Type of Sanction

At the outset, we must recognize that while the district court dismissed this action without prejudice, the statute of

4

limitations on Rax's redhibition claim has run.  If the seller was in good faith, a redhibition action must be brought within four years from the date of sale or one year from the date the defect is discovered, whichever comes first.  LA. CIV. CODE ANN. art. 2534 (West 1996).  If the seller knew of the defect, the action must be commenced within one year of the buyer's discovery of the defect.  *Id.*  Rax purchased the vehicle on September 14, 1993, and must have discovered the defect before March 17, 1995, the date this suit was originally filed in state court. Therefore, the one year statute of limitations has run, regardless of whether the sale was made in good faith.  Where the operation of the statute of limitations will act as a bar to the further prosecution of a claim asserted in a suit dismissed without prejudice, we will review the dismissal as one with prejudice.  *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

**B. Standard of Review and Applicable Law**

Federal Rule of Civil Procedure 16(f) allows a court to impose sanctions for failure "to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference."[2]  The same standards for reviewing dismissals for failure to prosecute under Fed. R. Civ. P. 41(b) are to be applied to dismissals under Rule 16(f).

---

[2]Rax argues that the district court dismissed the action under Fed. R. Civ. P. 41(b).  While, it appears that Rule 16(f) is more specifically targeted to a sua sponte dismissal for violation of a pretrial order, we need not decide this issue. The standards governing both types of dismissals are identical. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

5

*Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518–19 (5th Cir. 1985).

We evaluate an involuntary dismissal with prejudice under Rule 16(f) for abuse of discretion. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Because of the harshness of such a sanction, we will affirm only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) either the district court has expressly determined that a lesser sanction was not available or would be futile, or the record indicates that the district court first employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, in most cases in which we have affirmed such a dismissal, we have found at least one of three aggravating factors: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

## C. Application of Law to Facts

### 1. Pattern of delay and contumacious conduct

Applying the above standards, we are not persuaded that the district court abused its discretion in dismissing Rax's action. There appears to be a clear record of delay and contumacious conduct on the part of the plaintiff throughout the history of this case. Rax was notified in April 1995 of its responsibilities to initiate a conference after the case had been on file for 100 days and to submit a work plan within 10 days of

6

the conference.  Rax failed for twelve months, from July 1995 to July 1996, to initiate the conference or submit the work plan.

Rax was warned in November 1995 that failure to submit a work plan might result in dismissal of its action.  It was further warned of the seriousness of its conduct when its action was dismissed in March 1996.  Rax was only able to get its case reinstated after this first dismissal by promising that the work plan would be submitted without further delay.

Even after its action was dismissed and reinstated, Rax waited over a month to take what it called the "initial step" towards developing a work plan.[3]  The only steps Rax took towards developing a work plan were two letters, sent over one year after the action had been initiated, in which it attempted to obtain voluminous information from the defendants regarding potential witnesses and exhibits.  While the defendants may have been less than enthusiastically cooperative with Rax, it does not appear that either defendant acted in bad faith by refusing to respond to Rax's broad requests for information.  Rather, the defendants proposed that Rax submit a proposed work plan around which

---

[3]Rax's counsel asserts that his failure to take steps immediately following the reinstatement resulted from his or his secretary's carelessness in failing to immediately mail the letter which was eventually sent on June 12, 1996.  Had Rax attempted at some earlier date to mail such a letter, or had the letter actually attempted to follow the district court's directive to initiate a work plan conference, the argument would be more compelling.  However, the letter Rax sent in June did not ask for a conference, nor did it include a proposed work plan. It merely requested arguably discoverable information from the defendants.  Rax was fully aware of the requirements of Judge Little's standing order and should have taken care to follow its directives.

negotiations would revolve. Rax argues that without the information it requested from the defendants, it could not develop a reasonable plan. Yet Rax *never attempted* to initiate a work plan conference as it was required to do by Judge Little's standing order. Nor did it attempt to contact defendants by telephone.

Additionally, Rax did not complain to the district court that the defendants were not cooperating until after the action was dismissed for the second time, more than one year after Rax should have initiated the work plan conference. If Rax was truly hindered by the defendants' refusals to disclose certain information without a proposed work plan, it could have submitted a unilateral work plan without any input from the defendants. Rax acknowledges that it should have either contacted counsel for the defendants personally or submitted a unilateral work plan.

Case law also supports a finding that the delay in this case warranted dismissal. In *Porter v. Beaumont Enter. and Journal*, 743 F.2d 269, 272 (5th Cir. 1984), we found that the plaintiff's failure to pay a process server, followed by an eight-month delay before a dismissal hearing, and a further five-week delay after the dismissal hearing, sufficiently supported the district court's dismissal of the action. *See also Price*, 792 F.2d at 474 (finding that dismissal was supported by plaintiff's eight-month delay in filing proposed pretrial order followed by plaintiff's counsel's failure to appear at a pretrial conference).

## 2. Propriety of dismissal as a sanction

8

The district court did not expressly find that a lesser sanction was unavailable or would prove futile. Therefore, we look to the record to determine if lesser sanctions were first imposed and proved to be futile. The district court attempted a less severe sanction when it dismissed Rax's action in March and reinstated in May. Yet Rax was still dilatory in taking the actions required by Judge Little's standing order. As such a drastic measure failed to correct Rax's conduct after the first dismissal, the district court could have correctly determined that a lesser sanction would have been futile after Rax again failed to abide by the court's order. Therefore, dismissal was an appropriate sanction.

This set of circumstances is virtually identical to the situation in *Price*, in which we found dismissal appropriate when the district court had previously dismissed and then reinstated the plaintiff's action only to have plaintiff's counsel fail to appear for a pretrial conference. *Id.* at 475.

### 3. Aggravating factors

Out of the three aggravating factors supporting a dismissal with prejudice, only one is involved in this case: intentional conduct. The existence of even one aggravating factor, when combined with a record of delay and contumacious conduct, will support a dismissal with prejudice. *Callip*, 757 F.2d at 1519.

Rax argues that any delay it caused was purely unintentional. However, in its failure to abide by the district court's standing order for over a year, Rax showed little regard

9

for the court's attempts to control and maintain its docket efficiently. Rax was aware of the standing order yet chose to disregard it entirely until its action was dismissed and reinstated. After the reinstatement, Rax chose to ignore the court's mandate to initiate a work plan conference.

Again, Rax's conduct is similar to that in *Price*, in which the plaintiff argued that its failure to submit a proposed pretrial order resulted from the defendant's refusal to meet to discuss the order. 792 F.2d at 475. We found that this excuse failed to explain adequately why the plaintiff took more than ten months to comply with the district court's order to submit the proposed pretrial order. *Id.* As in *Price*, Rax's excuse carries little weight when it comes twelve months after the work plan originally was due.

AFFIRMED.